


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JAM STRAIT, INC.** | * | **CIVIL ACTION** 02-2036 |
| **vs.** | * | **CASE NO.** |
| **WESTERN INDUSTRIAL EXCHANGE, INC.** | * | **SECT.** SECT. A MAG. 4 |

**COMPLAINT FOR PATENT INFRINGEMENT**

NOW INTO COURT, through undersigned counsel, comes plaintiff Jam Strait, Inc., which respectfully represents:

**1.**

Plaintiff Jam Strait, Inc. ("Jam Strait") is a Mississippi corporation with its principal place of business in Newton, Mississippi.

**2.**

Defendant Western Industrial Exchange, Inc. ("Western Industrial") is on information and belief a California corporation with its principal place of business in Chatsworth, California.





**3.**

This is a patent infringement action arising under the Patent Act, 35 U.S.C. § 1 *et seq.* Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), and venue is proper is this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Western Industrial is doing business and is deemed to reside in this district and has committed and is committing acts of infringement of the patent sued upon herein in this district.

**4.**

On April 16, 2002, United States Letters Patent No. 6,371,636 B1 (the "'636 Patent") were duly and legally issued to Jam Strait for an invention in light emitting diode lamp modules (the "Invention"), and since that date Jam Strait has been and still is the assignee and owner of the '636 Patent.

**5.**

Since the issuance of the '636 Patent, Jam Strait has taken steps to fulfil the marking requirements under 35 U.S.C. § 287(a), and pursuant to 35 U.S.C. § 287(a) the filing of this action for infringement constitutes further notice to Western Industrial that the Invention is patented.

**6.**

Since the issuance of the '636 Patent, Western Industrial has infringed and continues to infringe the '636 Patent by making, selling, offering for sale, and using the Invention, and by causing the Invention to be made, used, offered for sale, and sold by others, and will continue to do so unless enjoined by this Court.

**7.**

Western Industrial has directly infringed, contributorily infringed, and actively induced others to infringe the '636 Patent.

**8.**

On information and belief, Western Industrial has had actual knowledge of the '636 Patent since approximately its date of issue, but notwithstanding such actual knowledge, Western Industrial has continued and threatens to continue its infringement of the '636 Patent in flagrant disregard of Jam Strait's rights under said patent, and Western Industrial has made and is making and threatening to make profits from said infringement, which profits rightfully belong to Jam Strait.

**9.**

Western Industrial's infringement of the '636 Patent is wilful and wanton and in total disregard of Jam Strait's rights, allowing for the trebling of damages pursuant to 35 U.S.C. § 284.

**10.**

Jam Strait has the manufacturing capability to meet the needs of the market for the Invention.

**11.**

Jam Strait has been deprived of substantial gains and profits and has suffered substantial damages as a result of Western Industrial's infringement of the '636 Patent and by the threat of continued infringement.

**12.**

Unless this Court enjoins Western Industrial from continuing to infringe the '636 Patent and from threatening to continue to infringe the '636 Patent, Jam Strait will be irreparably harmed and will suffer further damages.

**13.**

Jam Strait presently has no means of ascertaining the full extent of Western Industrial's infringement of the '636 Patent or of the amount of its damages resulting from said infringement except through the production of evidence thereof now in Western Industrial's possession and control.

**14.**

This is an exceptional case allowing for the awarding of attorney's fees and expenses pursuant to 35 U.S.C. § 285.

WHEREFORE, Jam Strait respectfully prays that judgment be entered in its favor and against Western Industrial as follows:

(a) That pursuant to 35 U.S.C. § 283, Western Industrial be preliminarily and permanently enjoined from continuing to directly and contributorily infringe the '636 Patent and from continuing to actively induce others to infringe the '636 Patent;

(b) That pursuant to 35 U.S.C. § 284, Western Industrial be required to pay to Jam Strait all damages Jam Strait has sustained as a consequence of Western Industrial's infringement of the

'636 Patent, including increased damages in the amount of three times the damages sustained by Jam Strait, together with pre- and post-judgment interest, costs, and expenses;

(c) That pursuant to 35 U.S.C. § 285, Western Industrial be required to pay Jam Strait's reasonable attorney's fees in connection with this matter; and

(d) That Jam Strait be awarded such other and further relief as the Court deems just and equitable in the premises and all such relief to which Jam Strait is entitled.

**RESPECTFULLY SUBMITTED,**

**JACK E. MORRIS (Bar No. 22539) (T.A.)**
**ATTORNEY AT LAW**
**4051 VETERANS BOULEVARD**
**SUITE 208**
**METAIRIE, LOUISIANA 70002**
**TELEPHONE: (504) 454-2769**
**FACSIMILE: (504) 454-3855**