FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 SEP 30 PM 4: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAM STRAIT, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 02-2036 |
| | * | |
| WESTERN INDUSTRIAL EXCHANGE, INC. | * | SECTION "A" MAG. 4 |

## ANSWER TO COMPLAINT, COUNTERCLAIM AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes defendant Western Industrial Exchange, Inc., and responds to plaintiff's complaint as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegations contained in Paragraph 2 are admitted.

3.

Defendant admits that the subject matter and personal jurisdiction exists in this district; each and every other allegation contained in Paragraph 3 is denied.

4.

Defendant admits that patent number 6,371,636 B1 (the "636 Patent") was registered on April 16, 2002, and that Jam Strait is listed as the assignee on the face of the 636 Patent. The remaining allegations contained in Paragraph 4 are denied for lack of sufficient information upon which to justify a belief therein.

___ Fee_____
___ Process____
X  Dktd_____
___ CtRmDep___
   Doc No ____

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information upon which to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied.

7.

The allegations contained in Paragraph 7 are denied.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations contained in Paragraph 11 are denied.

12.

The allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

15.

Defendant has not infringed and is not infringing any valid claim of the 636 Patent.

## Second Affirmative Defense

16.

Defendant has not actively induced or contributed to infringement of, and is not actively inducing or contributing to infringement of the 636 Patent.

## Third Affirmative Defense

17.

Each claim of the 636 Patent is invalid because if fails to meet the conditions for patentability set forth in 35 U.S.C.§102, 103 and 112.

## Fourth Affirmative Defense

18.

Each claim of the 636 Patent is limited by prosecution history estoppel, which applies to preclude reliance on the doctrine of equivalents.

## Fifth Affirmative Defense

19.

The complaint fails to state a claim upon which relief can be granted.

## Sixth Affirmative Defense

20.

Plaintiff has failed to join additional persons needed for a just adjudication.

## Seventh Affirmative Defense

21.

Any injuries or damages plaintiff may have sustained, as alleged in its complaint, allegations which defendant denies, were proximately caused by the negligence and fault of plaintiff, which totally bars or proportionately reduces any recovery to which plaintiff might otherwise be entitled. Plaintiff failed and neglected to exercise ordinary care, caution or prudence at the time of, and with respect to injuries and matters alleged in the complaint.

**Eighth Affirmative Defense**

22.

Plaintiff, at all relevant times, failed to take reasonable action to mitigate the injuries and damages alleged in its complaint.

**COUNTERCLAIM**

Now, assuming the position of counterclaimant, Western Industrial Exchange, Inc. alleges as follows:

Jurisdiction and Venue

23.

This cause of action arises under the Patent Laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment statute, 28 U.S.C. §2201 and 2202. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 1338, and 1367(a). Venue in this District is based upon 28 U.S.C.§1391.

Parties

24.

Counterclaimant Western Industrial Exchange, Inc. ("Ledtronics") is a corporation incorporated under the laws of California, with its principal place of business at 21596 Marilla St., Chatsworth, CA 91311.

25.

On information and belief, counterclaim defendant Jam Strait, Inc. ("Jam Strait") is a corporation incorporated under the laws of Mississippi with a principal place of business in Newton, Mississippi.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U. S. PATENT NUMBER 6,371,636 B1**

26.

Jam Strait has alleged in its complaint that Western Industrial Exchange, Inc.

-4-

infringes, actively induces and/or contributes to infringement by others of the 636 Patent.

27.

Western Industrial Exchange, Inc. has not and does not infringe, contributorily infringe, nor induce others to infringe any of the claims of the 636 Patent.

28.

All claims of the 636 Patent are invalid for failure to comply with the requirements of 35 U.S.C. §102, 103, and/or 112.

29.

By reason of the foregoing, an actual and justiciable controversy has arisen and exists between counterclaimant and counterclaim defendant as to the validity of the claims of the 636 Patent and the alleged infringement of those claims by counterclaimant.

30.

Jam Strait's actions have damaged and threaten to further damage Western Industrial Exchange, Inc..

31.

Unless the controversy between the parties is resolved, upon information and belief, Jam Strait will continue to assert that Western Industrial Exchange, Inc. is infringing the 636 Patent.

32.

By this counterclaim, Western Industrial Exchange, Inc. seeks a declaratory judgment that all of the claims of the 636 Patent are invalid and not infringed by Western Industrial Exchange, Inc.

33.

Western Industrial Exchange, Inc. has no adequate remedy at law. To resolve the legal and factual questions raised by Jam Strait's action, and to afford relief from the

uncertainty and controversy that Jam Strait's assertions, allegations, and demands have precipitated, Western Industrial Exchange, Inc. is entitled to have the question of validity and infringement of all of the claims of the 636 Patent resolved promptly so that Western Industrial Exchange, Inc. may conduct its business in accordance with the Court's determination of its rights.

34.

Pursuant to Federal Rules of Civil Procedure, counterclaimant demands a jury trial on all issues triable to a jury.

WHEREFORE, defendant and counterclaimant Western Industrial Exchange, Inc. pray that this answer been deemed good and sufficient and that after due proceedings had there be judgment herein in favor of defendant Western Industrial Exchange, Inc. dismissing plaintiff's complaint with prejudice.

Defendant further prays that all claims of the 636 Patent are invalid and not infringed by Ledtronics, that defendant and counterclaimant Western Industrial Exchange, Inc. be granted its costs and expenses herein, and that Western Industrial Exchange, Inc. be granted such other relief as the Court may deem just and proper, including attorneys fees that it may have incurred in the investigation and defense of this lawsuit and any damages it may incur as a result of the claim.

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN, READ,
HAMMOND & MINTZ, L.L.P.

BY: _____
J. SCOTT LOEB (LSBA #25771)
3200 Energy Centre
1100 Poydras Street
New Orleans, LA. 70163-3200
(504) 585-3200

and

OF COUNSEL:

ERIC KARICH (CABA #186325)
2807 St. Mark Drive
Mansfield, TX 7606

Attorneys for Western Industrial
 Exchange, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed, this \_\_\_30\_\_\_ day of September, 2002.

_____
J. SCOTT LOEB

H:\SLOEB\WESTERN INDUSTRIAL\Answer and Counter Claim.wpd